## NATIONAL LABOR RELATIONS BOARD v. HIBRITEN CHAIR CO., Inc.

### No. 6426.

United States Court of Appeals Fourth Circuit.

Argued June 18, 1952.

Decided July 17, 1952.

Arnold Ordman, Washington, D. C., Attorney, National Labor Relations Board (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, Washington D. C., and Julian S. Perlman, Brooklyn, N. Y., Atty., National Labor Relations Board, on brief), for petitioner.

Whiteford S. Blakeney, Charlotte, N. C. (Pierce and Blakeney, Charlotte, N. C., on brief), for respondent.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and PAUL, District Judge.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board which directed the Hibriten Chair Company to cease and desist from unfair labor practices and restore with back pay three employees found to have been discriminatorily discharged on account of union membership and activities. We think that the cease and desist portion of the order, except as it relates to discharges, is supported by substantial evidence on the record considered as a whole and should be enforced. There is ample evidence to support the Board's findings to the effect that the company in its dealings with its employees engaged in a program of interrogation, threats and coercion designed to discourage union membership and activities in violation of section 8 (a) (1) of the Labor Management Relations Act, 29 U.S.C.A. § 158 (a) (1). We do not think, however, that the portions of the order relating to discharges are so supported. On the contrary, we think it clear from the record considered as a whole that the employees Pope and Clarke were not discharged because of union membership or activities but because of their junior status on the jobs they held

when a reduction of working force was effected. The employee Beane was discharged because he absented himself from his job without notice to his employer. It appears also that, when other employment was offered him by the company shortly afterward, he failed to report for it and the company was notified that he had gone to work elsewhere. The Board's order will be modified by eliminating therefrom the provisions relating to discharge, restoration and back pay (being subsection (a) of paragraph 1 and subsections (a) and (b) of paragraph 2 of the order); and as so modified the order will be enforced.

Modified and enforced.